SHIPLEY v. HALL.

(District Court, E. D. Pennsylvania.   April 9, 1919.)

No. 1541.

TRADE-MARKS AND TRADE-NAMES ⬤⟞3(4)—NAME SUBJECT TO OWNERSHIP—
GENERAL USE OF ARBITRARY WORD.

Where the name "Bethabara Wood," invented by plaintiff, by general
use became the descriptive name for a certain wood many years before he
secured a registered trade-mark for it, he acquired no exclusive right to
the name, preventing defendant from handling and selling wood under
that name.

In Equity.   Suit by Malcolm A. Shipley against Fessenden Hall.
Decree dismissing bill.

Francis M. Gumbes, of Philadelphia, Pa., for plaintiff.

Hepburn, Dechert & Norris and Charles J. Hepburn, all of Phila-
delphia, Pa., for defendant.

THOMPSON, District Judge.   The plaintiff on April 4, 1907, ap-
plied for the registration of the trade-mark "Bethabara Wood" for fish-
ing rods.   In support of his application he filed a statement setting
forth that the trade-mark had been continuously used in his business
since on or about March 15, 1882, and that it was applied and affixed
to the goods or to the packages containing the same by placing thereon
a printed label on which the trade-mark was shown.   A certificate of
registration, No. 63,747, was duly issued July 9, 1907.

In his bill, the plaintiff avers that on March 15, 1882, he adopted the
arbitrarily selected name "Bethabara Wood" as a trade-mark and means
of identifying his leading fishing rods and wood for the manufacture
of the same, and that since that time he has continued to manufacture,
put up, ship, and deliver specially chosen and prepared wood of high
grade and quality and marked with the said trade-mark; that he was
the first to adopt and use the arbitrary word "Bethabara Wood" as a
trade-mark for wood so manufactured, and that he is the sole and ex-
clusive owner of the trade-mark.   He avers that he has extensively ad-
vertised throughout the United States and foreign countries the said
wood by designating it as "Bethabara Wood"; that by means of the
use of the trade-mark and the advertisements the wood became known
and was referred to, bought, sold, and ordered under the name of
"Bethabara Wood," and the word "Bethabara Wood" came to iden-
tify the brand of wood so manufactured, put up, sold, and advertised
by the plaintiff; that the public, purchasers, and consumers of the wood
continued to identify it by the trade-mark "Bethabara Wood," and the
title has come to indicate its origin, manufacture, and production to
purchasers and consumers.   He charges that the defendant is an im-
porter and manufacturer of foreign woods, and is using upon inferior
wood not manufactured by the plaintiff the mark "Bethabara Wood,"
thus infringing the plaintiff's trade-mark.

It appears from the evidence that the plaintiff in 1862 became engag-
ed in business with his father under the name of A. B. Shipley & Son

in the manufacture and sale of fishing rods and tackle; that the business was later conducted in the name of the plaintiff, Malcolm A. Shipley. In 1880, the plaintiff learned that some one in England had used a certain kind of wood to make fishing rods and sent to England and got some of the wood. He then concluded that he would exploit it and gave it the arbitrary name "Bethabara Wood" and started to advertise it. The wood in question is of close texture, hard and resilient, and comes from British Guiana, where it was known as "Washaba" wood. It was described, as early as 1881, in a work by Dr. James A. Henshall on "Black Bass," as having been introduced by A. B. Shipley & Son for making fishing rods. The plaintiff sold some of the wood to F. D. Divine, a rodmaker, of Utica, N. Y., by whom it was advertised for sale as "Bethabara Wood" in 1883 in the "American Angler." It was also imported and used for nearly 25 years prior to 1907 by others for the manufacture of fishing rods for sale, and was sold in square strips to fishermen for making their own rods and to dealers, and was advertised by them, under the name of "Bethabara." Thus "Washaba" wood, long before 1907, came to be known as "Bethabara Wood" to manufacturers, dealers, and fishermen in this country, and finally it came to be known as "Bethabara Wood" in the country from which it was exported.

There is no evidence that the plaintiff, in using the name "Bethabara Wood" for fishing rods for many years after 1880, had the exclusive use of the word arbitrarily selected by him as the name for "Washaba" wood, as indicating its origin in him; but there can be no doubt that the word "Bethabara" had come to indicate "Washaba" wood as a generic or descriptive name, and was so used generally throughout the trade, and by the purchasing public, and that it alone was used as a name for Washaba wood by importers, manufacturers, and dealers. In short, the evidence shows that, although the word "Bethabara" was originally adopted by the plaintiff as a term for Washaba wood, it came, by use, association, and acceptation, to be the descriptive name for Washaba wood, and in the trade and to purchasers it was not distinctively connected with the plaintiff or the plaintiff's manufacture. The evidence to sustain this conclusion is so overwhelming that it is not necessary to review or discuss it.

When the plaintiff obtained his trade-mark, therefore, he was not entitled to the exclusive use of the word "Bethabara," invented by him 27 years before. The plaintiff has not attempted to show the sale by the defendant of fishing rods bearing his trade-mark, but there is evidence of two sales by the defendant of small quantities of Washaba wood in square strips for the purpose of making fishing rods under the name of "Bethabara Wood." There was no mark or brand upon the wood so sold by the defendant in imitation of the plaintiff's registered trade-mark. The defendant, in using the name and selling the wood as "Bethabara Wood," did not invade any right which the plaintiff had.

The plaintiff having failed to establish an exclusive right in the name as a trade-mark, or infringement upon the part of the defendant, the bill must be dismissed.

A decree will be entered accordingly.